UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOSEPH W. PEEPLES,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

_____

3:17-MC-26 (TJM/ATB)

_____

UNITED STATES OF AMERICA

        v.

SEALED PROPERTY

_____

3:17-MJ-10 (ATB)

JOSEPH W. PEEPLES, III, Pro Se
MIROSLAV LOVRIC, Ass't U.S. Attorney, Northern District of New York

ANDREW T. BAXTER, United States Magistrate Judge

**REPORT-RECOMMENDATION AND ORDER**

    Pursuant to Fed. R. Crim. P. 41(g) and 28 U.S.C. § 636(b)(1), Hon. Thomas J. McAvoy, Senior U.S. District Judge, has referred to me, for issuance of a Report-Recommendation, the motion of petitioner Joseph W. Peeples, III, for return of property seized pursuant to a search warrant issued by this court. (Case No. 3:17-MC-

26, Dkt. No. 1). For the following reasons, this court recommends that the motion be **DENIED**.

## I.    BACKGROUND

On the morning of January 5, 2017, a male suspect executed a bank robbery at a Chase Bank in Rochester, in the Western District of New York, taking approximately $109,500. (Affidavit of S.A. Bokal in Support of Search Warrant, ¶¶ 5-6, Case No. 3:17-MJ-10, Dkt. No. 1). The Federal Bureau of Investigation ("FBI"), supported by state and local law enforcement, initiated an investigation. (*Id*. ¶ 6). Through analysis of video evidence from the bank and bus terminals, interviews of taxi cab drivers and hotel clerks, and the recovery of evidence including discarded clothing and some abandoned stolen currency, the investigators identified the suspect in the robbery as Joseph W. Peeples, III, and traced him from the victim bank in Rochester to a hotel in Binghamton, in the Northern District of New York. (*Id*. ¶¶ 7-13). Late during the evening of January 5th, law enforcement officers arrested petitioner, without a warrant, on a public stairway in the hotel in Binghamton. (*Id*. ¶ 13; Binghamton P.D. Report (Case # 2017-777), Case No. 3:17-MC-26 , Dkt. No. 1 at 19).

Petitioner was transported by law enforcement authorities to the Western District of New York to face charges for the robbery of the Rochester bank. On the afternoon of January 6, 2017, Special Agent Fleitman of the FBI swore out a criminal complaint before U.S. Magistrate Judge Jonathan W. Feldman, who found probable cause to believe petitioner had committed the robbery. (W.D.N.Y. Case No. 6:17-CR-6032, Dkt. No. 1). Soon thereafter, petitioner, represented by an Assistant Federal

Public Defender ("AFPD"), had an initial appearance before Magistrate Judge Feldman. (*Id*., Dkt. No. 2).

On the afternoon of January 6th, FBI Special Agent John Paul Bokal, Jr. applied, before this court, in the Northern District of New York, for a warrant to search the hotel room in Binghamton where plaintiff had checked in on January 5th. (N.D.N.Y. Case No. 3:17-MJ-10, Dkt. No. 1). This court found that S.A. Bokal's affidavit stated probable cause, and issued the warrant at 4:15 p.m. Later that evening, law enforcement officers executed the warrant at the subject hotel room and found, among other things, over $51,000 in currency and coins. (FBI FD-302 re: Search, N.D.N.Y. Case No. 3:17-MC-26 , Dkt. No. 1, at 17). After the search was completed, agents transported and secured the seized evidence at the offices of the FBI in Rochester, in the Western District of New York, where the prosecution of petitioner had been initiated. (*Id.*, Dkt. No. 1 at 18).

On February 23, 2017, petitioner was indicted, in the Western District of New York, on bank robbery and bank larceny charges. (W.D.N.Y. Case No. 6:17-CR-6032, Dkt. No. 7). At his arraignment, petitioner moved to handle his defense of the action pro se. (*Id*., Dkt. No. 10). On March 30, 2017, petitioner filed a pro se motion to suppress, *inter alia*, all statements that he made to law enforcement at the time of his arrest, and all evidence seized at the Binghamton hotel where the FBI executed the search warrant issued by this court. (*Id*., Dkt. No. 14). Following an initial round of briefing, Magistrate Judge Feldman conducted an evidentiary hearing on petitioner's motion to suppress (with the AFPD as standby counsel), and allowed or ordered

supplemental briefing, which was recently completed.  (*Id*., Dkt. Nos. 16-18, 20-24, 38-40, 41-43).

Petitioner's motion for return of property, under Fed. R. Crim. P. 41(g), was filed in the Northern District of New York on September 20, 2017 (N.D.N.Y. Case No. 3:17-MC-26 , Dkt. No. 1), after he had been litigating his motion to suppress in the Western District of New York for almost six months.  The U.S. Attorney's Office in this district filed a response to petitioner's Rule 41(g) motion on September 27th.  (*Id*., Dkt. No. 2).  To date, the court in the Western District of New York has not ruled on petitioner's motion to suppress.

## II.     APPLICABLE LEGAL STANDARDS

Fed. R. Crim. P. 41(g), entitled "Motion to Return Property," provides:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Since this rule, previously numbered Rule 41(e),[1] was amended in 1989, it has been clear that magistrate judges have jurisdiction to hear motions to return property under Rule 41.  *See United States v. Douleh*, 220 F.R.D. 391, 394 (W.D.N.Y. 2003) ("The

---

[1] *See De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006) ("Rule 41 was reorganized in 2002.  Previously, the subsection addressing motions to return property was Rule 41(e).  In 2002, this subsection was redesignated Rule 41(g) without substantive change.  Accordingly, courts have applied the case law concerning former Rule 41(e) to the current Rule 41(g).").

Advisory Committee's notes accompanying the 1989 amendments to Rule 41 clearly state that the purpose of the change was 'to clarify that a magistrate may receive evidence in the course of making a finding or a proposed finding for consideration by the district judge.'"). It is less clear whether, or under what circumstances, a magistrate judge may make findings and issue a final order with respect to a Rule 41(g) motion, and when such a motion should be referred to a magistrate judge for a report recommendation by a district judge. *See id*. at 394-95. Following the lead of Magistrate Judge Payson in *Douleh*, I have erred on the side of caution and arranged for this motion to be jointly assigned to a district judge who has, in turn, referred it to me for a report-recommendation.

The standards for a Rule 41(g) motion were cogently summarized in *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005):

> "To prevail on a Rule . . . 41(g) . . . motion, a criminal defendant must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." . . . "The movant is required to show that he is entitled to lawful possession of the property." . . . Possession by a person is "prima facie evidence of some kind of rightful ownership or title." . . . The movant is not entitled to the return of property under Rule 41(g) to which he cannot claim lawful possession.

*Id*. (most citations omitted). *Accord, In re Application of Madison*, 687 F. Supp. 2d 103, 108-09 (E.D.N.Y. 2009).

The burden of proof with respect to certain aspects of a Rule 41(g) motion may shift depending on the stage of the proceedings.

When a Rule 41(g) motion is made before an indictment is filed, but a criminal

>investigation is pending, the burden of proof is on the movant to establish that the seizure was illegal and that the movant is entitled to lawful possession of the property. . . . "However, when the property in question is no longer needed for evidentiary purposes, the burden of proof changes." . . . At that point, the movant is presumed to have a right to the return of the property, and the government has the burden of establishing that it has a legitimate reason for the continued retention of the property, *i.e.*, that it is contraband or subject to forfeiture. . . . In such a case, the legality of the search or seizure is no longer an issue. . . . However, the court must bear in mind that, in determining a Rule 41(g) motion, it must engage in a balancing test between the government's interest in the continued retention of the property and the owner's right to its use. . . . "In striking this balance, courts need not order the return of lawfully seized property where the government has a 'continuing interest' in the property." . . . However, even if the government has a continuing evidentiary interest, it may not hold the property for an unreasonable amount of time without taking some action with regard to the property.

*Id*. at 117-18 (citations omitted). However, although, after a criminal investigation has been terminated, "the government has the burden . . . to return the property of a criminal defendant unless 'it has a legitimate reason to retain the property,' . . . this burden-shifting rule does not excuse the defendant from showing as a preliminary matter that the property in question was in fact his to begin with." *Ferreira*, 354 F. Supp. 2d at 410 n.1 (citations omitted).

### III.   ANALYSIS

The government argues that this court should deny petitioner's motion or defer decision to the district court in Rochester, because the prosecution of petitioner, and a suppression motion relating, *inter alia*, to the search warrant issued in this district, are pending in the Western District of New York. (N.D.N.Y. Case No. 3:17-MC-26 , Dkt. No. 2 at 2). While there is some authority from the Second Circuit supporting

this position, it may have been undercut by the 1989 amendments to Rule 41(e), after which a pre-indictment motion for return of property is no longer the functional equivalent of a suppression motion. *See Doane v. United States*, No. 08 MAG. 0017, 2009 WL 1619642, at *7-8 (S.D.N.Y. June 5, 2009) (discussing conflicting case law regarding whether a court should defer consideration of a pre-indictment 41(g) motion until after indictment);[2] *In re Application of Madison*, 687 F. Supp. 2d at 109-10 .

In any event, this court need not resolve the conflicting case law regarding whether to defer consideration of the Rule 41(g) motion in favor of the pending prosecution in the Western District of New York, because it is clear that petitioner cannot establish that he has any legitimate right to possess the property he seeks to have returned–primarily, over $50,000 of the proceeds of the Rochester bank robbery.[3] *See, e.g.*, *Green v. United States*, 90 F. Supp. 2d 229, 230, 231 (E.D.N.Y. 2000) ("because Green only possessed the money because he had stolen it, he has never had a legal interest in the $300.  Accordingly, the aspect of the motion requesting a return of the money is denied.") (citing, *inter alia*, *United States v. Moloney*, 985 F. Supp. 358, 361 (W.D.N.Y. 1997) (collecting Rule 41(e) cases concerning stolen property).

In *Green* and *Moloney*, the courts found, by a preponderance of the evidence, that the property that was the subject of the Rule 41(e)/(g) motion was stolen, based

---

[2] The prosecution of petitioner in Rochester is now in the post-indictment stage, which may further weaken the argument for deferring a decision on his Rule 41(g) motion because of the pending prosecution and suppression motions in the Western District of New York.

[3] The authorities recovered other bundles of currency from the robbery that petitioner apparently forgot in a taxi cab and disposed of in a bus terminal.  (Bokal Affidavit, ¶¶ 7-8, 14(c), Case No. 3:17-MJ-10, Dkt. No. 1).

on, *inter alia*, the fact that the movants had been convicted of robbery or conspiracy to possess stolen property. While petitioner has not been convicted in this case, the evidence in the affidavits supporting the search warrant issued in this district and the complaint filed in the Western District of New York presents compelling evidence, including admissions by petitioner, that the currency seized in his hotel room constituted proceeds of the Rochester bank robbery. Petitioner's Rule 41(g) motion does not argue otherwise, but instead makes frivolous arguments that the search or his arrest were illegal.[4] Accordingly, even if, in the circumstances of this case, the government bears the burden of establishing, by a preponderance of the evidence, that

---

[4] For example, petitioner argues that the search was invalid because a return on the search warrant was never filed (Case No. 3:17-MC-26, Dkt. No. 1 at 3), when, in fact, a timely return and inventory was filed. (Case No. 3:17-MJ-10, Dkt. No. 5). He also argues that he was denied due process because law enforcement agents transported the stolen currency and other evidence seized in Binghamton to Rochester, where the bank robbery prosecution would proceed. (Case No. 3:17-MC-26, Dkt. No. 1 at 4). While petitioner may be entitled to some process before, *e.g.*, the seized currency could be returned to Chase Bank, he is not entitled to any process before the agents transferred the evidence to the custody of law enforcement in the district where he would be prosecuted. Petitioner also argues that his warrantless arrest in Binghamton was unlawful. However, it is clear from the complaint in this case that his arrest was supported by probable cause, and that he was properly arrested in a public place. *See, e.g., United States v. Watson*, 423 U.S. 411, 418-24 & n.6, (1976) (an officer may conduct a warrantless arrest if he has probable cause to believe the arrestee has committed a felony and the arrest occurs in a public place); *United States v. Holland*, 755 F.2d 253, 255 (2d Cir. 1985) ("Although the Supreme Court has accorded apartments and hotel rooms status as 'homes' for Fourth Amendment purposes, it has never given the same status to adjoining common hallways."). Petitioner further challenged his arrest based on a number of insignificant clerical errors regarding the complaint and arrest warrant issued in the Western District of New York–*e.g.*, that the Magistrate Judge only witnessed the supporting affidavit on the complaint form, but not on the last page of the affidavit. This court notes that the findings set forth above are not necessary for the decision with respect to petitioner's Rule 41(g) motion in this district, and are not binding or preclusive on the judges in the Western District of New York deciding petitioner's suppression motion. *See, e.g., Douleh*, 220 F.R.D. at 397 (recommending "that the court's decision make clear that the Rule 41(g) denial should have no res judicata or collateral estoppel effect with respect either to . . . a future motion to suppress in the event defendant is indicted").

the seized currency was stolen and that petitioner is not entitled to the return of such property, this court concludes that burden may be and has been satisfied without an evidentiary hearing.[5]

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED**, that the motion of petitioner Joseph W. Peeples, III, under Fed. R. Crim. P. 41(g), for return of property seized pursuant to a search warrant issued by this court (Case No. 3:17-MC-26, Dkt. No. 1), be **DENIED**, and it is further

**ORDERED**, that a copy of this Report-Recommendation be served upon Joseph W. Peeples, III, at his address of record, as well as upon petitioner's standby counsel in the criminal action in the Western District of New York, Mark D. Hosken, Federal Public Defender, 28 East Main Street, Suite 400, Rochester, NY 14614.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28

---

[5] It is not clear, from petitioner's motion, whether he is seeking the return of particular seized property other than the stolen currency based on a legitimate claim of possession of the property and a contention that the government no longer needs the property to prosecute the case. If so, the court urges the parties in the Western District of New York prosecution to attempt to resolve those issues without further litigation in this district. *See, e.g., Green v. United States*, 90 F. Supp. 2d at 231 (while contesting the motion to return stolen funds, the government agreed to return certain jewelry seized from Green).

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 3, 2017

*Andrew T. Baxter*
Hon. Andrew T. Baxter
U.S. Magistrate Judge